IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

               Plaintiff,

               vs.

JOSE ANTONIO VASQUEZ CHAVEZ,

               Defendant.

_____

CR 03-242-E
CV 05-1015-RE

OPINION AND ORDER

Kathleen L. Bickers
Assistant United States Attorney
1000 S.W. Third, Suite 600
Portland, OR  97204

       Attorney for Plaintiff

Jose Antonio Vasquez Chavez
Federal Registration No. 67255-065
FCI Terminal Island
P.O. Box 3007
Terminal Island, CA  90731

       Defendant Pro Se

REDDEN, Judge:

       The matter before the court is defendant's motion (doc. 304) under 28 U.S.C. § 2255

(2255 motion) to vacate or correct his sentence.  Defendant asserts claims of ineffective

assistance of counsel, lack of territorial jurisdiction, and violation of the Treaty of Guadelupe

Hidalgo.

1 -    OPINION AND ORDER

Defendant characterizes his motion as a "Notice of Plain Error and Motion to Review under Whichever Rule or Statute Court Deems Proper," but cites to 28 U.S.C. § 2255 for the court's jurisdiction to hear his request to review his "unconstitutional sentence." Thus, the motion attacks the legality of his underlying sentence and is properly considered a Section 2255 of motion. Section 2255 of Title 18 of the United States Code "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention." Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.), cert. denied, 540 U.S. 1051 (2003). The Ninth Circuit refuses to permit defendants to circumvent the provisions of section 2255 by calling their motions something else. See, e.g., Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001). I construe defendant's motion as a 2255 motion.

On September 23, 2004, defendant plead guilty to count 1 of a fifth superseding indictment charging conspiracy to distribute cocaine. In his plea agreement, he waived "the right to file a motion pursuant to 28 U.S.C. § 2255 to set aside the conviction and sentence, except on grounds of ineffective assistance of counsel, newly discovered evidence, or a retroactive change in the applicable guidelines or statute." Plea Agreement, p. 2.

I sentenced defendant on January 27, 2005, to 70 months imprisonment and five years of supervised release. No enhancements to defendant's presumptive guideline sentence were imposed. I granted the parties' request to reduce defendant's sentence based on his eligibility for a safety valve adjustment and his acceptance of responsibility, but denied defendant's request for a minor role adjustment. I acknowledged my discretion with respect to the imposition of guideline sentences under United States v. Booker, 125 S.Ct. 738 (2005).

Defendant's motion refers to enhancements for criminal history, and argues the government failed to prove the alleged prior convictions. This argument is without merit because defendant had no criminal history before this conviction and no enhancements were requested by the government or imposed by me.

Defendant's claim of ineffective assistance of counsel includes only vague

2 -    OPINION AND ORDER

assertions that his counsel was ineffective, including that his counsel failed to object to unconstitutional enhancements. Again, no enhancements to defendant's sentence were imposed. Defendant also asserts he told his counsel that the presentence report was "bogus, full of lies and grossly inaccurate." Defendant provided no information to support these non-specific allegations.

To prevail on a claim of ineffective assistance of counsel, defendant must show that (1) his counsel's performance was deficient in that counsel made errors so serious that counsel was not functioning as the counsel guaranteed defendant by the Sixth Amendment; and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 690 (1984). Failure to make the required showing on either prong defeats the ineffectiveness claim. Id. at 700.

As to the first prong, a defendant must demonstrate that counsel not only committed errors, but also performed outside the "wide range of professionally competent assistance." Id. at 690. A defendant must show that counsel's representation failed to meet an objective standard of reasonableness. Id. at 688. As to the second prong, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Even if a single aspect of counsel's conduct, considered alone, did not prejudice the defense, prejudice may result from the cumulative impact of multiple deficiencies. Harris ex rel. Ramseyer v. Wood, 64 F.3d 1432, 1438 (9th Cir. 1995).

Thus, a defendant must show that counsel committed errors that a reasonable, competent lawyer, acting as a diligent and conscientious advocate, would not make, and that prejudice resulted. Tinsley v. Borg, 895 F.2d 520, 531-32 (9th Cir.), *cert. denied*, 498 U.S. 1091 (1990) (citing Strickland). Judicial scrutiny must be highly deferential, with the court indulging in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id.

Defendant has failed to make these showings. I conclude defendant has failed to

make a colorable claim of ineffective assistance of counsel and no evidentiary hearing is required.

Defendant's request for dismissal for lack of territorial jurisdiction is also without merit. Defendant plead guilty to the crime of Conspiracy to Distribute Cocain in the District of Oregon, a violation of the Uniform Controlled Substances Act, 21 U.S.C. § 801 *et seq*. Criminal violations such these are squarely within the jurisdictional purview of the federal district courts.

I also conclude that the Treaty of Guadelupe Hidalgo has no relevance to defendant's claims for relief. That treaty ended the Mexican War and formalized the United States' acquisition of what became the states of Texas, New Mexico, Arizona, and California.

For the reasons discussed above, defendant's motion (doc. 304) under 28 U.S.C. § 2255 is DENIED, and all pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

Dated this __18th__ day of October, 2005.


       /S/ James A. Redden_____
          James A. Redden
       United States District Judge